IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-CV-02843-RBJ

**TAMARA BIRCH,**

    Plaintiff,

v.

**T-MOBILE USA, INC.**

    Defendant.

## T-MOBILE'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant T-Mobile USA, Inc. ("T-Mobile") respectfully submits this Reply in Support of its Motion for Summary Judgment (Doc. No. 28) ("MSJ").

### INTRODUCTION

T-Mobile submitted its Motion for Summary Judgment based on objective facts supported by admissible evidence in the record and Plaintiff's deposition testimony. Plaintiff submitted a Response comprised of conclusory assertions, subjective feelings, and unattributed hearsay. Much of the Response did not address the relevant legal issues.[1] Moreover, labeling a fact as "denied," "material," or "disputed" does not make it so. To survive summary judgment, Plaintiff must cite—and cite accurately—to relevant and admissible evidence that creates a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c)(1)(A) ("[a] party asserting that a fact…is genuinely disputed must support the assertion by…citing to particular parts of materials in the

---

[1] To give just one example, T-Mobile never alleged that Plaintiff's requested accommodations constituted an undue hardship. T-Mobile only asserted that Plaintiff's request for a permanent reduced shift or a permanent assignment to the weekend wrap was not a reasonable accommodation, because it removed essential functions of her position. Notwithstanding this fact, Plaintiff's Response frequently discussed undue hardship. (*See* Resp. at 1, 2, 5, 9, 13, 15).

record.")[2] Plaintiff's Response was rife with belief perseverance and inaccurate assertions not supported by the evidence cited. The record shows Plaintiff has not demonstrated a material issue of fact with respect to her claims, and T-Mobile is entitled to summary judgment.

## UNDISPUTED MATERIAL FACTS BASED ON ADMISSIBLE EVIDENCE[3]

1. **Part-time positions were not available at the Call Center.** Plaintiff asserted that part-time positions were available at T-Mobile, citing T-Mobile's handbook which contemplates part-time hours. (Resp. at 1, P. Ex. D). While T-Mobile as a business offers part-time positions, those positions were not available *at the Call Center*. (Ex. C at 12:16-24). Plaintiff claimed there are part-time employees at the Call Center, and she cited 2017 deposition testimony from an entirely separate case.[4] (Resp. at 2). However, this testimony explained part-time positions at the Call Center only exist(ed) where employees were "grandfathered in" when T-Mobile eliminated part-time positions but allowed these employees to continue part-time because they were hired as such. (P. Ex. C at 2). As was the case in 2017 and now, the Call Center does not offer part-time schedules and has not for many years. Plaintiff failed to cite to any evidence that part-time positions exist for employees in the roles she held.

2. **Full-time scheduling, scheduling flexibility, and participation in shift bids were essential functions of Plaintiff's positions.** Plaintiff stated that full-time employment and scheduling flexibility were not essential functions of her positions, citing her job descriptions which explained 10% of the time in Plaintiff's positions required, "the ability to work evenings,

---

[2] Although T-Mobile disputes several factual assertions made in Plaintiff's Response, in effort to prioritize the central issues, this Reply does not address all irrelevant assertions and inconsequential distinctions.
[3] This Reply keeps consistent Defendant's citations used in its MSJ: Birch Dep., Ex. A hereto; Ingargiola Dep., Exhibit B hereto; Ellsworth Dep., Exhibit C hereto; Miles Dep., Exhibit D hereto; Randis Decl., Exhibit E hereto. Plaintiff's Response brief is cited as Resp. at __. Plaintiff's Response brief exhibits are cited as P. Ex. __.
[4] *McCallister v. T-Mobile*, 1:17-cv-00635-RM-MEH (D. Colo. March 10, 2017).

weekends, or various shifts assigned." (Resp. at 1). In making this argument, however, Plaintiff disregarded and thus did not and cannot dispute T-Mobile's explanation for why flexibility is an essential function and why T-Mobile changed shifts and realigned employees frequently. Plaintiff admitted that she cannot comment on or dispute T-Mobile's explanation of business needs and changing caller dynamics, resulting in the frequent realignments. (Resp. at 2). Plaintiff admitted that participation in shift bids was compulsory. (Resp. at 2).

3. **Plaintiff has not presented evidence that her write-ups were based on absences that were covered by approved leave.** Plaintiff asserted she received write-ups for taking approved leave. (Resp. at 3, 6, 12). Plaintiff never identified specific dates and times of leave which resulted in a write-up. (*Id.*; Ex. A at 128:2-25, 129:1-25, 130:1-7). T-Mobile produced the write-ups along with the dates and parameters of Plaintiff's approved leave. (Ex. A at 67:9-15, 130:11-25, 133:10-21, 131:13-21, 134:6-13, T-Mobile Ex. 5-7; Ex. D, at 11:10-12, T-Mobile Ex. 12). When those dates and parameters are aligned, it is irrefutable that Plaintiff never received a write-up for approved leave. *Id.* Plaintiff conceded she could retroactively enter approved time off if she exceeded her parameters. *Id.*

4. **Plaintiff's rank for purposes of shift bidding was never negatively impacted by FMLA or ADA leave.** In her deposition, Plaintiff conceded her rank was not impacted by *protected leave*. (Ex. A at 136: 4-25, 137:1-6). However, in her Response, Plaintiff continued to assert that it was. (*See e.g.* Resp. at 11). Plaintiff cannot create her own fact dispute by contradicting her deposition testimony. *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986). Ms. Ingargiola testified that attendance impacted rank in one way: if an individual worked an insufficient number of productive hours in a month, that month's performance metrics *would not*

3

*be included in averaging* the employee's performance metrics. (Ex. B at 56:3-22). Plaintiff did not contradict this evidence or produce evidence of a specific negative impact resulting from protected leave. Plaintiff cited her write-ups only. (*But see* Facts ¶ 3).

     5.    **Plaintiff was treated the same as other employees who transferred to TEX.**
Plaintiff offered no admissible evidence to show she was treated differently from other employees transferring to TEX. She asserted Weekend Wrap shifts were available when she transferred to TEX, but she offered no evidence of such. (Resp. at 4). Plaintiff offered no evidence refuting T-Mobile's explanation of how senior experts were assimilated into TEX in terms of shifts and why only two shifts were available for Plaintiff and her fiancé. (Resp. at 3-4). Plaintiff also admitted that she was told she could not be guaranteed the Weekend Wrap when she transferred to TEX. (Ex. A at 140:1-11).

## ARGUMENT

**I.   Plaintiff Has Not Demonstrated Material Issues of Fact With Respect to Her Claim for Disability Discrimination.**

    **a.   Plaintiff Was Not a Qualified Individual, Because She Could Not Work Full-Time, Participate in Shift Bids, or Work Flexible Schedules.**

The ability to work flexible schedules and participate in shift bids were essential functions of Plaintiff's positions. (*See* Facts ¶ 1-2). Plaintiff conceded she was "excessively absent," even with near-constant accommodations. (Resp. at 13). Plaintiff asserted she could not satisfy these functions because she could only work a permanent reduced shift or permanent shift assignment with reduced hours and work days. (Ex. A at 149:15-25, 150:1-15, T-Mobile Ex. 15). Because Plaintiff could not perform the essential functions of her position with or without

reasonable accommodations, she was not qualified within the meaning of the ADA. Plaintiff did not dispute that she could not meet the schedule flexibility requirement. (Resp. at 1-2).

### b. T-Mobile Did Not Take Tangible Adverse Employment Actions Against Plaintiff, and The Workplace was not so Intolerable That, When Viewed Objectively, A Reasonable Person Would Have Felt Compelled to Resign.

Plaintiff did not demonstrate that adverse employment actions occurred or that she was constructively discharged. Plaintiff presented no evidence to show she was consistently harassed, or that T-Mobile did not take seriously her allegation of harassment. Plaintiff alleged T-Mobile representatives told her that protected leave could result in various consequences, but these statements are unsupported by the record or admissible evidence. While Plaintiff alleged that she was not promoted as a result of her leave, she provided no evidence to support that assertion, such as information about the candidates, decision-makers, or decision-making. (Ex. A at 124:4-25, 125:1-25, 126:1-10). Plaintiff offered no evidence to show she suffered actual consequences, as a result of her disability or need for leave.

Plaintiff stated, "a reasonable jury could conclude that her missing work would impact her performance." (Resp. at 2). Whether or not Plaintiff's absences caused her to perform poorly is not relevant.[5] The issue is whether T-Mobile negatively took into account Plaintiff's disability in applying the terms and conditions of her employment. 42 U.S.C. § 12112(a). T-Mobile presented admissible evidence to demonstrate Plaintiff remained in good standing, utilized the FMLA and ADA unencumbered, was permitted to transfer to her desired department, her bid-rank was never impacted by protected leave, and she received no write-ups based on protected

---

[5] Even if this statement were relevant, Plaintiff's poor performance would indicate that she was not a qualified individual. Moreover, it is unclear how granting Plaintiff's requested accommodation (essentially requiring her to work fewer hours) would address her allegedly poor performance that was caused by "missing work."

leave. (Ex. A at 133:10-21, 131:13-21, 134:6-13, 137:1-6; T-Mobile Ex. 5-7; Ex. C at 26:17-23). Plaintiff took a two-and-one-half month continuous leave of absence, and experienced no negative intervening event. (Ex. A at 51:4-12, 93:1-25). Plaintiff returned to work for one day, then resigned. *Id.* Precedent holds that Plaintiff's allegations cannot show constructive discharge. *Peru v. T-Mobile USA, Inc.*, 897 F. Supp. 2d 1078, 1096 (D. Colo. 2012).

    **c.**    **Even If Plaintiff Could Show She was a Qualified Individual, and That T-Mobile Took Adverse Employment Actions Against Her Under Circumstances Giving Rise to An Inference of Discrimination, She Did Not Show T-Mobile's Proffered Legitimate Nondiscriminatory Reasons Were Pretextual.**

Plaintiff presented no admissible evidence to demonstrate pretext, and cited irrelevant case law to support her claim. For example, Plaintiff argued that T-Mobile's "concerns about Ms. Birch's health related matters show pretext." (Resp. at 11). Plaintiff does not explain T-Mobile's alleged "concerns." Plaintiff cited an extra-jurisdictional case where supervisors stated "they do not like an employee due to the employee's health related issues." *Id.* These facts were not even alleged here, and the case is irrelevant.

Plaintiff argued that T-Mobile changed its rationale for various actions taken, citing an undue hardship analysis.[6] T-Mobile has never raised the issue of undue hardship. She failed to explain any other shifting rationale behind T-Mobile's decision. Plaintiff's remaining arguments beg the question she seeks to prove, asserting she was harassed, her rank was impacted, and other adverse employment actions occurred. These conclusory assertions are either disproved by the record or supported only by Plaintiff's suppositions. Plaintiff did not show T-Mobile's

---

[6] Plaintiff seemingly attempted to provide another example of T-Mobile's shifting rationale, but Plaintiff provided only an incomplete hanging sentence. (Resp at. 11).

6

proffered legitimate nondiscriminatory reasons were implausible, inconsistent, incoherent, or contradictory.

## II. Plaintiff Did Not Show a Material Issue of Fact For Her Failure to Accommodate Claim, Because T-Mobile Always Accommodated Plaintiff's Disabilities.

Because T-Mobile granted all but one of Plaintiff's requested accommodations, Plaintiff's claim can only be based on her request for a permanent assignment to the Weekend Wrap or permanent reduced schedule. (Ex. A at 67:9-15, 130:11-25, T-Mobile Ex. 12; Ex. D at 11:10-12). This request was not reasonable, so T-Mobile offered and Plaintiff accepted an alternative accommodation. (Ex. A at 149:15-25, 150:1-15, T-Mobile Ex. 15). No disputed issue of fact remains regarding T-Mobile's more than sufficient accommodation of Plaintiff's disabilities.

In Plaintiff's Response identifying purported material fact disputes, Plaintiff argued that T-Mobile's shift bid process "trumps the ADA." (Resp. at 12-13). This terminology is inexact, but it articulates the well-established fact that Plaintiff's positions required her to participate in shift bids as an essential function. (Ex. A at 13:9-25, 108:3-24, 112:1-25, T-Mobile Ex. 19-21). Shifts in the Call Center were determined by a bidding process based on employee performance, and the shifts were developed to meet current business needs, which changed regularly. (Ex. C at 12:16-24). Of course, employers are not required to eliminate essential functions to provide accommodations. *Selenke v. Medical Imaging of Colo.*, 248 F.3d 1249 (10th Cir. 2001). Moreover, the ADA only requires employers to provide *a* reasonable accommodation, not necessarily the employee's desired accommodation. *Id.*

T-Mobile provided Plaintiff numerous reasonable accommodations, including continuous and intermittent leaves of absence. Before Plaintiff took her final two-and-one-half month

7

continuous leave of absence, T-Mobile accommodated her with a temporary assignment to her desired shift. Plaintiff returned to work for one day and immediately resigned. (Ex. D at 21:17-25, 22:1-25, Birch Ex. 11; Ex. A at 12:1-25). At the time of her resignation, Plaintiff had no outstanding requests for accommodation. *Id.* Plaintiff never availed herself of the temporary accommodation. Plaintiff failed to show that leaves of absence and a temporary assignment to her desired shift were not reasonable accommodations.

### III. Plaintiff Did Not Demonstrate a Material Issue of Fact With Respect to Her ADA Retaliation Claim.

T-Mobile agreed that Plaintiff engaged in protected activity when she complained to Mr. Whitaker of Mr. Sosa's alleged harassment and told T-Mobile that she intended to file a charge with the EEOC. Plaintiff attempted to show causation between protected activity and adverse actions by citing Ms. Ellsworth's deposition testimony that she was *unaware* whether T-Mobile investigated Plaintiff's assertion that she intended to file a charge with the EEOC. (Resp. at 9-10). Plaintiff did not explain how this fact enlightens the issue of causation.

Plaintiff argued there is a fact dispute whether she was retaliated against, citing the same evidence purportedly demonstrating adverse actions leading to her constructive discharge in the context of her discrimination claim. As explained above, Plaintiff did not show these adverse actions occurred or that she was constructively discharged. (*See* Facts ¶ 3-7).

Plaintiff primarily focused on Mr. Sosa's alleged leave-related comments. Plaintiff's approved leave was not unlimited, and she was required to enter approved time off in Broadspire and Kronos so that approved absences would not count as unexcused. (Ex. A at 132:10-20). When Plaintiff failed to enter her approved time off, Mr. Sosa prompted Plaintiff to update those

platforms. *Id.* Plaintiff characterized these comments as reprimands, but she did not show that any consequences resulted from these "reprimands." (Ex. A at 139: 4-16, 145: 17-25, 146:1-25).

Even if Plaintiff showed some adverse actions occurred, Plaintiff did not explain or demonstrate causation. Moreover, Plaintiff did not show pretext because she did not present admissible evidence to demonstrate that T-Mobile's proffered legitimate nondiscriminatory reasons were inconsistent, incoherent, or unbelievable.

### IV.     Plaintiff Did Not Demonstrate a Material Issue of Fact with Respect to Her FMLA Retaliation Claim, and She Does Not Address Her Interference Claim.

Plaintiff's retaliation claim is vague and unsupported. Plaintiff presented her testimony that T-Mobile representatives told Plaintiff she would suffer consequences if she continued to take FMLA leave. Plaintiff did not explain causation or present evidence of a retaliatory motive. Conversely, T-Mobile presented deposition testimony of Plaintiff, and documentary evidence to show Plaintiff never suffered consequences from taking leave. (*See* Facts ¶ 3, 4, 6-8). Plaintiff did not address her FMLA interference claim.

### CONCLUSION

Plaintiff argued T-Mobile's Motion for Summary Judgment was based entirely on conclusory assertions. However, T-Mobile cited documentary evidence, Plaintiff's deposition testimony, and deposition testimony of numerous T-Mobile representatives which substantiated admissible evidence in the record. T-Mobile *demonstrated* there are no issues of material fact. Conversely, Plaintiff's Response was almost entirely based on her deposition testimony, which was comprised of her subjective feelings, conclusory statements, and hearsay. Plaintiff cannot create her own fact disputes and her claims fail as a matter of law.

9

Respectfully submitted, this 4th day of September, 2020.

*s/ Brooke A. Colaizzi*
Brooke A. Colaizzi
Carissa J. Davis
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: (303) 297-2900/Fax: (303) 298-0940
Email: bcolaizzi@shermanhoward.com
         cdavis@shermanhoward.com

ATTORNEYS FOR DEFENDANT T-MOBILE USA, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September, 2020, I electronically filed the foregoing **T-MOBILE'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Sara A. Green
Bachus & Schanker, LLC
101 W. Colfax Ave., Suite #650
Denver, CO 80202
Sara.green@coloradolaw.net

*s/ Laura J. Kostyk*
Laura J. Kostyk, Legal Secretary

10